IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VOLKSWAGEN AG, VOLKSWAGEN GROUP OF AMERICA, INC., and AUDI AG, <br><br> Plaintiffs, <br><br> v. <br><br> HKSELLER*2011 and LEDILLUMINANT, <br><br> Defendants. | Case No. 18-cv-07621 <br><br> **Judge John Z. Lee** <br><br> **Magistrate Judge M. David Weisman** |

**PLAINTIFFS' MOTION FOR SANCTIONS
AGAINST THE DEFEDANTS HKSELLER*2011 AND LEDILLUMINANT**

Plaintiffs Volkswagen AG, Volkswagen Group of America, Inc., and Audi AG ("Plaintiffs"), by their counsel, move this Honorable Court to enter sanctions against Defendants hkseller*2011 and ledilluminant ("Defendants") for violating this Court's December 6, 2018 [14] and December 12, 2018 [16] Orders. Specifically, Plaintiffs request that this Court enter an Order jointly and severally requiring Defendants and their counsel to restore $26,000 to Defendants' PayPal accounts.

**BACKGROUND**

On September 28, 2018, Plaintiffs filed a lawsuit (NDIL 18-cv-06611[1]) alleging trademark infringement and counterfeiting against multiple China-based Internet stores, including Defendants. On October 11, 2018, Judge Chang entered a temporary restraining order, including an asset restraint, ("TRO") [26] against Defendants. Data from PayPal regarding the two PayPal

---

[1] The case was originally assigned to Judge Aspen on September 28, 2018, then reassigned to Judge Chang by Executive Committee Order on October 1, 2018.

1

accounts used by Defendants shows that $61,286 was restrained. *See* [8-1] at ¶ 5. On November 13, 2018, Judge Chang vacated the preliminary injunction with respect to Defendants and severed Defendants into this Case [56].

Plaintiffs filed a Renewed Motion for Expedited Discovery, Reinstatement of an Asset Restraint, and Reconsideration of Plaintiffs' Motion for Preliminary Injunction on December 3, 2018. [8]. At the December 6, 2018 hearing on Plaintiffs' Motion, this Court asked Defendants' counsel: "as an officer of this court, will you ensure that at least $26,000[2] remains in that account between now and next Wednesday?" Transcript of the December 6, 2018 Hearing [18] at 12:23-25. Defendants' counsel "stated on the record that at least $26,000 will remain in the PayPal account at issue" until the date of the next hearing on December 12, 2018. [14].

Before the December 12, 2018 hearing, the balance of Defendants' PayPal accounts was reduced from $61,286 to approximately $26,500 - the minimum that this Court required Defendants' counsel to maintain. Noting this reduction, this Court ruled that "there is a substantial risk that the defendants will basically empty out the account and leave nothing there, making them effectively judgment proof." [19] at 14:13-15. The Court then reinstated the asset restraint, and required Plaintiffs to post a $20,000 bond. [16]. Plaintiffs posted a $20,000 bond on December 14, 2018.

Plaintiffs contacted PayPal on December 13, 2018 to restrain $26,000 as soon as the Court's Order came through via CM/ECF. Later that day, PayPal notified Plaintiffs that the Defendants' PayPal accounts had a current approximate balance of only $4,989.63. The parties conferred and Plaintiffs demanded that the account balance be restored to $26,000 by January 2,

---

[2] As discussed in Plaintiffs' Motion [8], this figure was derived from transaction log data showing at least $26,000 in sales with "VW" or "Audi" in the item title.

2019. As of January 3, 2019, the money had not been restored to the Defendants' PayPal accounts, and Defendants' counsel has reported that Mr. Wang, the purported owner of the PayPal accounts, has distributed the $20,000 to other parties. [20] at ¶ 6. Defendants' counsel has since admitted that he cannot control the balances of the PayPal accounts, even though he explicitly assured this Court that at least $26,000 would remain in the accounts at the December 6, 2018 hearing. [18] at 12:14-13:8.

## ARGUMENT

The purpose of civil contempt proceedings "is to secure compliance with a prior court order." *Rockwell Graphics Sys. v. DEV Indus.,* 91 F.3d 914, 920 (7th Cir. 1996). A court may hold a party in civil contempt for failure to comply with a court order if "(1) the order is clear and unambiguous; and (2) proof of non-compliance with the order is clear and convincing." *7-Eleven v. Spear*, 2011 U.S. Dist. LEXIS 23335, at *5 (N.D. Ill. Mar. 8, 2011). The court need not find that the violation was "willful" to find civil contempt. *Commodity Futures Trading Comm'n v. Premex, Inc.,* 655 F.2d 779, 784 n.9 (7th Cir. 1981). Rather, the court may find a party in contempt if it has not been "reasonably diligent and energetic in attempting to accomplish what was ordered." *Am. Fletcher Mortgage Co. v. Bass,* 688 F.2d 513, 517 (7th Cir. 1982) (quoting *Powell v. Ward,* 643 F.2d 924, 931 (2d Cir. 1981)).

Courts have inherent and statutory powers to punish a party that fails to comply with the terms of the Court's orders and to coerce compliance with such orders. *Baldwin Piano, Inc. v. Deutsche Wurlitzer GmbH,* 2004 WL 1323940, at *1 (N.D. Ill. June 15, 2004) (citing *United States v. Dowell,* 257 F.3d 694, 698 (7th Cir. 2001)). Moreover, district courts have "broad discretion to fashion a remedy for civil contempt." *Tisket-A-Tasket Group, Inc. v. H.S. Craft Mfg. Co.,* 1999 U.S. Dist. LEXIS 21090, at *8 (S.D. Ind. Dec. 1, 1999); *see also Rockwell Graphics,* 91 F.3d at

3

920. A contempt fine is "considered civil and remedial if it either coerces the defendant into compliance with the court's order or compensates the complainant for loss sustained." *7-Eleven*, 2011 U.S. Dist. LEXIS 23335, at *5 (citation omitted).

This Court's December 6, 2018 Order [14] clearly and unambiguously required at least $26,000 to remain in Defendants' PayPal accounts, and this Court's December 12, 2018 Order [16] similarly reinstated the asset restraint with respect to the $26,000. [19] at 13:13-16. This Court's December 12, 2018 Order [16] also required Plaintiffs to post a bond of $20,000, which Plaintiffs posted on December 14, 2018. However, before Plaintiffs could effectuate the reinstated asset restraint, $20,000 had been moved from the Defendants' PayPal accounts and further transferred out of the account owner's possession. [20] at ¶ 6. Moreover, Defendants' counsel has now informed Plaintiffs that he has no control over the accounts, even though he explicitly assured this Court that at least $26,000 would remain in the accounts at the December 6, 2018 hearing. [18] at 12:14-13:8. Defendants and their counsel have violated this Court's December 6, 2018 [14] and December 12, 2018 [16] Orders, and have "basically empt[ied] the accounts and [left] nothing there, making them effectively judgment proof." [19] at 14:13-15. As such, this Court should exercise its broad discretion, and jointly and severally require Defendants and their counsel to restore $26,000 to Defendants' PayPal accounts.

## CONCLUSION

For at least the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order jointly and severally requiring Defendants and their counsel to restore $26,000 to Defendants' PayPal accounts.

Dated this 8th day of January 2019.	Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Counsel for Plaintiffs Volkswagen AG, Volkswagen Group of America, Inc., and Audi AG*

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of January 2019, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to attorneys of record.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Counsel for Plaintiffs Volkswagen AG, Volkswagen Group of America, Inc., and Audi AG*
