IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VOLKSWAGEN AG, VOLKSWAGEN GROUP OF AMERICA, INC., and AUDI AG, <br><br> Plaintiffs, <br><br> v. <br><br> HKSELLER*2011 and LEDILLUMINANT, <br><br> Defendants. | Case No. 18-cv-07621 <br><br> Judge John Z. Lee <br><br> Magistrate Judge M. David Weisman |

### DEFENDANTS' RESPONSE TO THE RULE TO CAUSE WHY DEFENDANTS HKSELLER*2011 AND LEDILLUMINANT SHOULD NOT BE HELD IN CONTEMPT

Defendants, by and through their undersigned counsel, hereby submit this Response to the Rule to Show Cause Why Defendants Should not be Held in Contempt. In Support thereof, Defendants provide as follows:

As explained in more detail below, Defendants should not and cannot be held in contempt for violating the Court's December 12, 2018 Order because Defendants did not violate the Court's Order, directly or indirectly. Defendants did not make the at-issue transfers, did not have the ability to make the at-issue transfers (as they do not own or control the two at-issue PayPal accounts), and did not know about the Court's December 12, 2018 decision or the Court's December 13th formal Order before non-party Mr. Hammond Wang made the at-issue transfers. Moreover, Mr. Hammond Wang also made the transfers *before* receiving notice of the Court's December 12, 2018 decision or December 13, 2018 formal order.

### Brief Factual Background

1. At a hearing on December 6, 2018, the Court asked Defendants' counsel for "assurances . . . on the record that at least $26,000 will remain in that account between

now and Wednesday" so the Court could have more time to consider the matter. [18] at 12:15-16.

2. While Defendants' counsel had no control over the two PayPal® accounts at issue, and while Defendants' counsel did not represent the owner of the two PayPal® accounts (non-party payment processor Mr. Hammond Wang), Defendants' counsel had been in regular communication with Mr. Wang, who had proven to be readily compliant and diligent in his response to Defendants' counsel's requests.

3. After being pressed by the Court whether he could assure that $26,000 would remain in the accounts between then and the next hearing date, Defendants' counsel represented that he "believe[d] that that will happen." [18] at 13:07.

4. At no time before that hearing or during that hearing did Defendants' counsel ever represent that he or Defendants "controlled" or "could control" the two PayPal accounts at issue.

5. Moreover, the Court was well aware that when it posed its question to Defendants' counsel, Defendants' counsel did not have an opportunity to speak with his clients or to the non-party payment processor, Mr. Hammond Wang.

6. In other words, the Court was asking Defendants' counsel whether he believed in good faith, as an officer of the Court, that Mr. Wang would keep $26,000 in the two PayPal accounts between that then (December 6, 2018) and the following hearing on December 12, 2018, upon Defendants' counsel's request.

7. Defendants' counsel answered truthfully: He believed that, based on his prior communications and interactions with Mr. Wang, as well as Mr. Wang's ready and diligent compliance with his prior requests, Mr. Wang would keep at least $26,000 in

the two PayPal accounts until the date of the next hearing if asked to do so by Defendants' counsel. This was a good-faith, well-founded belief.

8. Most importantly, and as Plaintiffs openly concede, Mr. Wang kept $26,500 in the two PayPal accounts by the date of the next hearing. Therefore, Defendants' counsel's good-faith representation was proven correct.

## The December 12, 2018 Hearing

9. At the hearing on December 12, 2018, the Court ordered that $26,000 of assets should be restrained in the two PayPal® at issue.

10. A few hours after the hearing, Defendants' counsel emailed Plaintiffs' counsel to request that the $26,000 be simply frozen in reserves so that the two accounts could remain operational and so other money could flow in and out of the accounts.

11. Plaintiff's counsel then contacted PayPal, Inc. via email later that day (on December 12, 2018) and instructed the company to move $26,000 from the two accounts into reserves.

## Post-Hearing Events

12. After the December 12, 2018 hearing but before PayPal, Inc. restrained the two PayPal® accounts on December 14, 2018, Mr. Wang transferred approximately $21,000 out of the two PayPal accounts to remit to four of his clients because, according to Mr. Wang, his clients desperately needed the money to pay past-due supplier debts and to provide for their families.

13. The Court formally issued its Order via ECF on Thursday, December 13, 2019.

14. Defendants' counsel forwarded this Order to Mr. Hammond Wang immediately after it was issued on Thursday, December 13, 2019. Defendants' counsel did not

communicate with Mr. Hammond Wang or Defendants in any way—directly or indirectly—between the December 12th hearing and counsel's forwarding of the Court's Order to Mr. Hammond Wang on December 13th.

15. According to Mr. Wang, he transferred the $21,000 out of the two PayPal® accounts *before* he received the Court's Order from Defendants' counsel or otherwise received any notice of the Court's decision. *See* Exhibit 1.

16. Mr. Wang made this transfer without the knowledge of Defendants' counsel.

17. Most importantly, Defendants had no knowledge of the Court's December 12th ruling or the Court's December 13th formal Order prior to Mr. Wang's transfer of $21,000 out of the two at-issue PayPal accounts.

## Argument

Defendants cannot and should not be held in contempt for violating the Court's December 12, 2018 Order because Defendants did not in any manner, directly or indirectly, violate the Court's Order. Defendants did not make the at-issue transfers and had no ability to do so, as they do not own, possess, or control the two at-issue PayPal® accounts. Moreover, Defendants did not know about the Court's December 12th ruling, nor the Court's December 13th formally issued Order, until *after* Mr. Wang transferred the $21,000 out of the two PayPal® accounts.

Accordingly, there is no basis in fact or law to hold Defendants in contempt of Court. They did not violate or attempt to violate any Court Order.

## Conclusion

The Court cannot and should not hold Defendants in contempt because they did not violate any Court Order.

Respectfully submitted,

Dated: February 4, 2019

DEFENDANTS,

By: /s/ Matthew R. Grothouse
Matthew R. Grothouse
Bar No. 6314834
Daliah Saper (Bar No. 6283932)
Saper Law Offices, LLC 505 N. LaSalle
Chicago, Illinois 60654
matt@saperlaw.com
 (312) 527-4100

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on February 4, 2019, he caused the foregoing to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

/s/ Matthew R. Grothouse
Matthew R. Grothouse
Saper Law Offices, LLC
505 N LaSalle, Suite 350
Chicago, IL 60654
Bar No. 6314834
Telephone: 312-527-4100
matt@saperlaw.com

*Attorney for Defendants.*
