**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VOLKSWAGEN AG, VOLKSWAGEN GROUP OF AMERICA, INC., and AUDI AG, | ) ) ) ) | |
| Plaintiffs, | ) ) | 18 C 7621 |
| v. | ) ) | Judge John Z. Lee |
| HKSELLER*2011 and LEDILLUMINANT, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

    Plaintiffs have moved for summary judgment as to their claims for trademark infringement and counterfeiting, false designation of origin, and violations of the Illinois Uniform Deceptive Trade Practices Act. The Court grants Plaintiffs' motion [41], enters a permanent injunction, and awards Plaintiffs their reasonable costs and attorneys' fees. Civil case terminated.

**STATEMENT**

    Plaintiff Volkswagen AG is the parent company of Plaintiffs Audi AG and Volkswagen Group of America, Inc. Pls.' LR 56.1(a) Stmt. of Facts ("SOF") ¶ 1, ECF No. 43. Volkswagen Group of America, Inc. is a New Jersey corporation that "polices and enforces Audi AG's trademarks in the United States." *Id.* ¶ 2. Audi AG ("Audi") is a German corporation and automobile manufacturer that sells Audi automobiles, parts, and accessories throughout the United States through licensed dealerships. *Id.* ¶¶ 3, 11. Audi holds two federal trademark registrations:

| Registration Number | Trademark | Registration Date | Goods and Services |
|---|---|---|---|
| 2,083,439 | [Audi rings logo with "Audi"] | July 29, 1997 | For automobiles and structural parts in international class 12 |
| 5,093,264 | AUDI | December 6, 2016 | For lighting apparatus for vehicles; lighting apparatus, namely, |

| | | | |
|---|---|---|---|
| | | | lighting fixtures and lighting installations in international class 11 |

Pls.' SOF ¶ 17. Audi has used its trademarks exclusively and continuously, and consistently enforces them. *Id.* ¶¶ 19–21.

Defendant hkseller*2011 is an eBay store that can be found at ebay.com/usr/hkseller*2011, and is operated by Wing Lim Pang, a resident of China. *Id.* ¶ 5. Defendant ledilluminant is an eBay store that can be found at ebay.com/usr/ledilluminant, and is operated by Yongjian Zhang, a resident of China. *Id.* ¶ 6.

Plaintiffs sued Defendants, alleging that products they were offering on their eBay stores violated Audi's trademarks. Specifically, Plaintiffs brought claims for federal trademark infringement and counterfeiting in violation of 15 U.S.C. § 1114(1) (Count I), false designation of origin in violation of 15 U.S.C. § 1125(a)(1) (Count II), and violations of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2(a) (Count III). Plaintiffs now seek summary judgment as to all three claims, a permanent injunction, and reasonable costs and attorneys' fees.[1]

I.   **Motion for Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Shell v. Smith*, 789 F.3d 715, 717 (7th Cir. 2015). To survive summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and instead must "establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012). The evidence considered for summary judgment "must be admissible if offered at trial, except that affidavits, depositions, and other written forms of testimony can substitute for live testimony." *Malin v. Hospira, Inc.*, 762 F.3d 552, 554–55 (7th Cir. 2014). The Court gives the nonmoving party "the benefit of conflicts in the evidence and reasonable inferences that could be drawn from it." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 794 (7th Cir. 2013).

Each of Plaintiffs' claims involve the same elements and proof. *See CAE, Inc. v. Clean*

---

[1] Plaintiffs originally brought this action against a number of Defendants, but the Court severed the claims against Defendants hkseller*2011 and ledilluminant, resulting in the opening of this case. *See* Pls.' SOF ¶ 7. At the outset, hkseller*2011 and ledilluminant were represented by counsel. But during the course of briefing on Plaintiffs' motion for summary judgment, the Court granted leave for Defendants' counsel to withdraw. *See* Order of 3/12/19, ECF No. 52. Since that time, no appearance has been filed on Defendants' behalf, nor have they responded to Plaintiffs' motion for summary judgment.

2

*Air Eng'g, Inc.*, 267 F.3d 660, 673–74 (7th Cir. 2001); *Spex, Inc. v. The Joy of Spex, Inc.*, 847 F. Supp. 567, 579 (N.D. Ill. 1994). In particular, Plaintiffs are required to show (1) that they have protectable rights in the asserted trademarks, and (2) that Defendants' use of the marks is likely to cause consumer confusion. *See CAE, Inc.*, 267 F.3d at 673–74.

The Court concludes that no genuine issue of fact exists as to either element, and Plaintiffs are entitled to summary judgment as a matter of law. First, Plaintiffs have a protectable interest in the trademarks at issue. *See* Pls.' SOF ¶¶ 11–21. Second, Defendants have used Plaintiffs' marks in two distinct ways. They have used Plaintiffs' trademark in the written word "AUDI" in advertising the products in their eBay store, in a way that is likely to cause consumer confusion as to the origin of the products. *See id.* ¶¶ 22–23, 26–27. Furthermore, they have sold a product—specifically, a light projector—that projects an image substantially similar to Plaintiffs' registered mark 2,083,439. *See id.* ¶¶ 22–29. Accordingly, the Court grants Plaintiffs' motion for summary judgment as to each of the counts in their complaint.

Plaintiffs seek $200,000 from each of the two Defendants in statutory damages pursuant to 15 U.S.C. § 1117(c), representing $100,000 for each infringing use and a total of $400,000 in damages. Section 1117(c) allows a plaintiff to elect one of two alternative recovery options for trademark infringement: (1) actual damages, or (2) statutory damages. For statutory damages, up to $200,000 may be awarded per infringing use, or up to $2 million if the conduct was willful. *Id.* § 1117(c). In selecting the amount within these ranges, courts imposing statutory damages enjoy "wide discretion." *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). Factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future . . . infringement" may be relevant. *See id.*

Here, as Plaintiffs point out, it is impossible to know the total extent to which Defendants have unlawfully used their trademarks, and records show that they may have sold up to $26,000 in infringing products. *See* Pls.' SOF ¶ 45. Additionally, Defendants took deliberate action to avoid the asset restraint imposed in this case. *See id.* ¶ 43; Pls.' Mem. Supp. Mot. Summ. J. at 16–18, ECF No. 42. Accordingly, the Court determines that a substantial damages award is justified to deter future misconduct. Still, the Court notes that the actual sale of infringing products proven by Plaintiffs is quite small. *See* Pls.' SOF ¶¶ 24, 28. Accordingly, the Court concludes that the damages award proposed by Plaintiffs is excessive. Instead, the Court imposes $50,000 in statutory damages per infringing use—in other words, $100,000 per Defendant for a total of $200,000 in damages. This figure is both reasonable and appropriate to satisfy the deterrent purposes of § 1117(c).

## II. Motion for a Permanent Injunction

A plaintiff seeking a permanent injunction must show that: "(1) it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiffs easily satisfy this standard. First, the damage caused to a trademark holder's

goodwill by counterfeit goods is "irreparable injury for which the trademark owner has no adequate legal remedy." *Re/Max N. Cent., Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir. 2001). Furthermore, Defendants have no legitimate interest in using Audi's trademarks, and thus the balance of harms favors Plaintiffs. Finally, a permanent injunction will serve the public interest, as it will result in the removal of counterfeit goods from the market and the reduction of consumer confusion. *See Eli Lily & Co. v. Nat. Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000).

Accordingly, the Court grants Plaintiffs' motion for a preliminary injunction. Defendants shall be enjoined from advertising, offering for sale, and/or selling products that violate Plaintiffs' rights in U.S. Registered Trademarks 2,083,439 and 5,093,264, including the light projector product at issue in this case.

### III. Motion for Reasonable Costs and Attorneys' Fees

Absent "extenuating circumstances," courts "shall" award reasonable attorneys' fees in cases involving intentional infringement. 15 U.S.C. § 1117(b); *see BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1099 (7th Cir. 1994). Furthermore, Federal Rule of Civil Procedure 54(d)(1) entitles Plaintiffs, as the prevailing parties, to their reasonable costs of suit. Accordingly, the Court awards Plaintiffs their reasonable costs and attorneys' fees. Plaintiffs are directed to follow Local Rule 54.3 to allow this Court to determine the amount of fees and costs it should award.

### IV. Conclusion

The Court grants Plaintiffs' motion for summary judgment [41] and awards damages as follows: $100,000 in statutory damages from Defendant hkseller*2011 and $100,000 in statutory damages from Defendant ledilluminant. The Court shall further enter a permanent injunction barring Defendants from advertising, offering for sale, and/or selling products that violate Plaintiffs' rights in U.S. Registered Trademarks 2,083,439 and 5,093,264, including the light projector at issue in this case. The Court awards Plaintiffs their reasonable costs and attorneys' fees. Plaintiffs are directed to follow Local Rule 54.3 with respect to determining the amount of costs and attorneys' fees, and to submit a proposed final judgment order setting forth the permanent injunction to the Court's proposed order inbox by May 13, 2019. Civil case terminated.

**IT IS SO ORDERED.**         **ENTERED  5/6/19**

_____
**John Z. Lee**
**United States District Judge**